## 10533

### YOUNG & GERMANY CO. v. PRICE *ET AL.*

(105 S. E. 346.)

1. Pleading—Answer Will Not Be Stricken as Frivolous Unless It Appears so on Its Face.—To warrant striking an answer on the ground that it is frivolous, such objection must appear solely upon an inspection of the pleadings and without arguments.

2. Pleading—Plaintiff Could Not Forego Part of Claim in Issue, on Motion to Strike Answer, and Thus Obtain Judgment.— Although the complaint claimed interest on an open account without alleging that defendants promised to pay interest, or showing them liable therefor, the answer, denying such liability, raised an issuable fact, and plaintiff could not, under motion to strike answer, as frivolous, offer to forego interest and thus get judgment, the answer being admitted for the purpose of the motion, particularly where the answer denied the amount claimed.

3. Costs—Printing in Case Affidavits Not Considered Below Condemned.—The printing on appeal of affidavits on motion to strike answer, notwithstanding the trial Court's refusal to consider them and the decision of this Court that it will not consider what was not properly before the Circuit Court, is not to be commended or countenanced and entails an expense which the losing party must pay.

Before Sease, J., Spartanburg, July, 1920. Reversed.

Action by Young & Germany Co. against Wofford Price and B. T. Price. From an order striking out defendants' answer and giving judgment for plaintiff, defendants appeal.

*Messrs. C. C. Wyche* and *C. G. Wyche,* for appellant, cite: *Brankruptcy Court had jurisdiction:* Collier on Bankruptcy (1917 Ed.) 28; 213 Fed. 514; Collier 287, 288; 143 Ga. 734. · *Whole answer must be clearly frivolous to be stricken out:* 37 S. C. 606; 2 S. C. 422; 128 Fed. 179. *Denial was in accordance with Code Civil Procedure, sec. 199:* 30 S. C. 564. *This Court disapproves judgment on a· sworn complaint or affidavit:* 6 S. C. 116; 106 S. C. 544. *In 105 S. C. 509, answer was on its face frivolous.*

*Messrs. Otts & Brown,* for respondent, cite: *Procedure is governed by secs. 202, 306, Code Civil Procedure 1912. Frivolous answers:* 27 S. C. 164; 106 S. C. 544; 77 S. C. 389; 98 S. C. 136; 105 S. C. 519. *The answer being frivolous Court may grant judgment:* Code Civil Procedure 1912, sec. 306.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Sease striking out defendants' answer as frivolous, irrelevant, ·and immaterial, and the further grounds of the motion were that the answer was libelous, impertinent, manifestly for the purpose of delay, and stated no defense of the action. Affidavits were attempted to be introduced at the hearing of the motion before Judge Sease, but he held that he would disregard and not consider these affidavits, but would determine the matter solely upon the pleadings, which he did, striking out the answer and granting judgment as demanded in the complaint, except he held that no interest should be allowed.

The order appealed from must be reversed. His Honor did not consider the affidavits presented, and, therefore, must have based his order on the ground that the answer was frivolous. To set an answer or reply aside on the ground that it is frivolous must appear solely

upon an inspection of the pleadings and without argument. An inspection simply must show that it is irrelevant and frivolous. The complaint claims interest in an open account; no allegations that the defendant promised to pay interest or allegations of such a character as would make them liable for interest on an open account. The defendants by their answer deny their liability for interest. This raised issuable fact. The plaintiff could not, under such a motion as they made to strike out the answer at the hearing, offer to forego that part of their claim and thus get judgment, and for the purposes of this motion plaintiff admits allegations of the answer, and by allegation 4 of the defendants' answer they show why they are in doubt as to the correctness of plaintiff's claim in the amount claimed by them, and they deny that they owe the amount claimed by plaintiff. His Honor was in error in striking out answer and in giving judgment, and the order appealed from must be reversed.

Notwithstanding the fact that Judge Sease refused to consider the affidavits presented to him and based his order solely on the pleadings, and notwithstanding the decision of this Court that what was not properly before the Circuit Court this Court will not consider, all of the affidavits not considered by Judge Sease are printed in the case on appeal—a practice not to be commended or countenanced, entailing an expense which the party losing will have to pay.

Judgment reversed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.